## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FREDERICK BANKS,** | : | **CIVIL ACTION NO. 1:21-CV-535** |
| | : | |
| **Petitioner** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **PRESIDENT JOE BIDEN,** *et al.,* | : | |
| | : | |
| **Respondents** | : | |

### MEMORANDUM

Presently before the court is a petition for writ of habeas corpus (Doc. 1) pursuant to 28 U.S.C. § 2241 filed by petitioner Frederick Banks ("Banks"), an inmate confined at the United States Penitentiary, Allenwood, in White Deer, Pennsylvania. Named as respondents are President Joe Biden, the United States Attorney General, the Warden of the Federal Correctional Complex, Allenwood, and the Federal Bureau of Prisons. Preliminary review of the petition has been undertaken, see R. GOVERNING § 2254 CASES R.4[1], and, for the reasons set forth below, the court will dismiss the petition.

### I.    Background

Banks asserts that, during quarantine, prison officials denied him access to the law library and access to persons trained in the law. (Doc. 1 at 1-2). He further asserts that he was denied email and telephone privileges. (Id.) Banks requests

---

[1] Rule 4 provides, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." R. GOVERNING § 2254 CASES R.4. See also R. GOVERNING § 2254 CASES R. 1(b) (applicable to petitions under 28 U.S.C. § 2241 in the discretion of the court).

that the court "remov[e] Respondent Warden from public office for these

violations." (Id. at 2).  For relief, Banks seeks an order compelling respondents to

provide him access to the law library, assistance from persons trained in the law,

and access to email and telephone privileges.  (Id.)  He contends that his petition

should be granted and that he "should be discharged from custody."  (Id.)  In

addition, Banks moves for class certification and appointment of class counsel.  (Id.)

## II.   **Discussion**

A habeas petition may be brought by a prisoner who seeks to challenge either

the fact or duration of his confinement.  Preiser v. Rodriguez, 411 U.S. 45, 494

(1973); Tedford v. Hepting, 990 F.2d 745, 748 (3d Cir. 1993).  "Habeas relief is clearly

quite limited: 'The underlying purpose of proceedings under the 'Great Writ' of

habeas corpus has traditionally been to 'inquire into the legality of the detention,

and the only judicial relief authorized was the discharge of the prisoner or his

admission to bail, and that only if his detention were found to be unlawful.'"

Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002) (quoting *Powers of Congress and*

*the Court Regarding the Availability and Scope of Review*, 114 HARV. L. REV. 1551,

1553 (2001)).  However, when seeking to impose liability due to the deprivation of

any rights, privileges, or immunities secured by the Constitution and laws, the

appropriate remedy is a civil rights action.  See Leamer, 288 F.3d at 540.  "Habeas

corpus is not an appropriate or available federal remedy."  See Linnen v. Armainis,

991 F.2d 1102, 1109 (3d Cir. 1993).  Additionally, when an inmate's challenge is to "a

condition of confinement such that a finding in [the inmate's] favor would not alter

his sentence or undo his conviction," a petition for writ of habeas corpus is inappropriate.  <u>Leamer</u>, 288 F.3d at 542.

In the instant habeas petition, Banks is not challenging the duration or propriety of his sentence.  Instead, he asserts that prison officials denied him access to the law library and access to persons trained in the law, and denied him email and telephone privileges.  The proper means of seeking redress for these actions is to file a civil suit for violation of constitutional rights, following exhaustion of administrative appeals.  Moreover, Banks' requested relief for a court order providing him access to the law library, assistance from persons trained in the law, and access to email and telephone privileges, would neither alter his sentence nor undo his conviction.  Banks' claims do not appropriately lie in habeas and the instant habeas petition will be dismissed.  Because the court is dismissing the habeas petition, the court declines to consider Banks' request for class certification and appointment of class counsel.

### III.   <u>Conclusion</u>

The court will dismiss the habeas petition without prejudice to any right Banks may have to reassert his present claims in an appropriate civil rights action.[2] A separate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:        April 6, 2021

---

[2]  In this regard, the court expresses no opinion as to the merits, if any, of any civil rights claims Banks may file based upon the facts asserted herein.